UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERALD KRAJA,

                Plaintiff,

      v.

EMPIRE NISSAN OF BAY RIDGE and
JPMORGAN CHASE BANK, N.A.,

                Defendants.

Case No.:

## COMPLAINT

Plaintiff, Erald Kraja ("Plaintiff") brings this action to secure redress against unlawful, unfair, abusive, and deceptive business practices engaged in by defendants, Empire Nissan of bay Ridge ("Dealer") and JPMorgan Chase Bank, N.A. (the "Bank" and together with the Dealer, "Defendants") relating to a financed automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1. In December 2022, Plaintiff found advertised for sale with the Dealer, a 2019 Mazda 6 Touring, Vehicle Identification Number JM1GL1VM7K1504825 (the "Vehicle"), at the advertised price of $21,904.00. The parties came to terms on Plaintiff's financed purchase of the Vehicle. Soon after taking delivery of the Vehicle, Plaintiff discovered that the Vehicle's sale price, as stated in a written sales agreement, had been grossly inflated and packed with add-ons the Dealer wrongfully told Plaintiff was needed in order to qualify for financing. After realizing he had been defrauded, Plaintiff notified the Dealer that he was exercising his right to cancel the transaction under New York City law, but the Dealer refused.

2. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the New York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350, New York City Administrative Code § 20-268, and common law claims for fraud.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

4. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

5. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and the Dealer maintains offices, transacts business, and is otherwise found in this district.

## PARTIES

7. Plaintiff is a natural person residing in the Staten Island, New York.

8. Upon information and belief, the Dealer, a used car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 6501 5th Ave., Brooklyn, NY 112220.

9. Upon information and belief, the Bank is a national banking association and, among other things, provides automobile loans and loan servicing nationwide including in the State of New York.

10. The Bank is, upon information and belief, assignee of Plaintiff's contracts with the Dealer and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

**FACTS**

11. Plaintiff was searching online for a used vehicle and found the Vehicle advertised for sale with the Dealer at the advertised price of $21,904.00.

12. On December 8, 2022, Plaintiff visited the Dealer's dealership and was introduced to a sales representative identified as "Riad Ademi". Plaintiff observed that the sticker-price on the window of the Vehicle was $25,000.00 and questioned Mr. Ademi why it differed from the advertised price and so Mr. Ademi agreed to honor the advertised price.

13. Plaintiff was then introduced to a finance representative identified as "Ray Peysakhov" who had Plaintiff complete a credit application.

14. Mr. Peysakhov and Mr. Ademi then sat with Plaintiff in the finance office and first offered financing for 72 months with a $5,500 downpayment and at an annual percentage rate of approximately 8% which would result in a monthly payment of approximately $380. Plaintiff told Mr. Peysakhov and Mr. Ademi that the payment was too high and that he wanted his monthly payment to be no more than $330.00 a month.

15. Mr. Peysakhov then represented that, for $60 per month more, Plaintiff could purchase a package of warranties and services (collectively the "Add-Ons"). Mr. Peysakhov then wrote out on a blank piece of paper what the Add-Ons would include:

   a. An "extended warranty" which Mr. Peysakhov represented to be for 3 years without any other limitations (Plaintiff later learned that the "extended warranty" was limited to 36,000 miles);
   b. An "Auto Care Prepaid Maintenance Program" which Mr. Peysakhov represented to be for 2 years again without any additional limitations (Plaintiff

    later learned that the "Auto Care Prepaid Maintenance Program" was in fact limited to 25,000 miles);

  c. "Vehicle Asset Protection": Mr. Peysakhov represented that this product would protect the Vehicle for an additional $4,000 over its trade in value;

  d. "Road Vantage Preferred" interior/exterior with key replacement for free for 6 months;

  e. "Road Vantage Paintless Dent Repair with Windshield" repair for free for 6 months.

16. Mr. Peysakhov and Mr. Ademi concluded their pitch by representing to Plaintiff that with Add-Ons, the transaction would be for a 72-month term, with $5,500 down payment, and an 7.99% annual percentage rate, resulting in a monthly payment of $439.98. Based on these representations, Plaintiff agreed.

17. Mr. Ademi then presented Plaintiff with an electronic tablet and told Plaintiff where and when to sign. Plaintiff was not directly presented with copies of any of the documents to which his signature was purportedly affixed and only signed the electronic tablet once.

18. Plaintiff was not given an opportunity to review any of the sale documents before signing the electronic tablet.

19. Plaintiff then waited another almost four hours before he was presented with a series of documents to sign. Plaintiff was exhausted and signed the papers. Plaintiff was handed the keys to the Vehicle but before he left, having thought more about the transaction, he told Mr. Ademi that he changed his mind and wanted to cancel Add-Ons. Mr. Ademi told Plaintiff that he would need to come back another day to do so to process the cancellations.

20. Thereafter, Plaintiff discovered that among the sale documents to which his signature was electronically affixed, was a Retail Installment Simple Finance Charge Agreement (the "RISC"). In reviewing the RISC, Plaintiff and discovered that the cost of the Vehicle was not as agreed. The "Itemization of Amount Financed" section of the RISC failed to include all

components of the Add-Ons. The only component disclosed was a "Service Contact" listed at the cost of $2,799.00.



21.   The next day, on December 9, 2022, Plaintiff returned to the Dealer's dealership and, aware of his right to cancel the transaction under New York City law, notified the Dealer

that he wanted to either cancel the Add-Ons or the entire transaction.  Plaintiff was told that Mr. Peysakhov was not working that day and that Plaintiff should come back the next day.  Plaintiff asked to speak with the manager and was introduced to Mr. "Mike Sciangula" who was identified as the "Business Manager".  Mr. Sciangula told Plaintiff that he could not help him that day and that he should return the next day to meet with Mr. Peysakhov.

22. On December 10, 2022, Plaintiff again returned to the dealership and met with Mr. Peysakhov.  Plaintiff identified how the RISC did not comport with the agreement as negotiated and demanded that the transaction be cancelled.  In response, Mr. Peysakhov made a handwritten notation on the back of a copy of the RISC "request to cancel" and told Plaintiff he would see what could be done.  Plaintiff left the dealership waiting for confirmation that the Add-Ons or the transaction would be cancelled.

23. On December 13, 2022, Plaintiff returned again to the dealership and met with Mr. Peysakhov who handed Plaintiff a forged document entitled "NYC Used Car Cancellation Option" (the "Car Cancellation Option Waiver") from which Plaintiff purportedly waived his right to cancel the transaction under New York City Administrative Code § 20-268.  Plaintiff never signed the Car Cancellation Option Waiver, a copy of the document handed to Plaintiff on December 13, 2022 was not among the document given to Plaintiff on the date of delivery of the Vehicle and the signature on the Car Cancellation Option Waiver is not Plaintiff's.

24. Plaintiff later demanded that the Bank cancel the Add-Ons.  Ultimately, on or about December 8, 2022, the Bank credited Plaintiff's account in the sum of $2,799.00, the same amount listed in the RISC for he cost of the "Service Contract".

25. Defendant refused to cancel the transaction as demanded by Plaintiff.

26. At all relevant times Defendants acted willfully and in bad faith.

6

27. The unlawful actions described herein harmed Plaintiff.

## FIRST CAUSE OF ACTION
## <u>VIOLATIONS OF TILA</u>
(15 U.S.C. § 1601 *et. seq*. TILA)

28. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

29. Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

30. Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

31. Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

32. The RISC lists a motor vehicle, an article of personal property, as collateral.

33. The RISC is a written agreement, payable in more than four installments.

34. The finance charge indicated on the RISC exceeds $1,000.00.

35. The copy of the RISC that was provided to Plaintiff is inconsistent with oral disclosures made by the Dealer on the date of the transaction.

36. Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

37. The required purchase of the Addons as a condition of financing is a "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

38. As a result of Defendants' failure to properly include these and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed

7

in the RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

39. Defendants have failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

40. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiff has suffered actual damages, including but not limited to additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiff did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

41. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would not have agreed to purchase the Vehicle on the terms and conditions imposed on him by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

42. Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would have sought and obtained an alternate transaction.

43. For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

44. The Bank, upon information and belief, is assignee of the contracts entered into between the Dealer and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

**SECOND CAUSE OF ACTION**
**<u>VIOLATIONS OF NEW YORK MVRISA</u>**
(N.Y.P.P.L. § 301 *et seq.*)

45. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

46. The Dealer is a "retailer seller" within the meaning of MVRISA §301(3).

47. The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

48. MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

49. As set forth above, Defendants violated numerous TILA provisions.

50. As set forth above, the RISC provided to Plaintiff was in gross violation of TILA's requirements.

51. The violations set forth herein were both knowing and willful.

52. Defendants had ample opportunities to correct the violations but failed to do so.

53. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff is entitled to costs and attorney's fees.

## THIRD CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES
(N.Y. Gen. Bus. Law § 349(h))

54. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

55. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

56. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

57. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

58. Upon information and belief, the Dealer routinely hides the true cost of borrowing from its customers by, as in Plaintiff's case, misstating the amounts financed.

59. The Dealer's conduct and statements were materially misleading.

60. These deceptive acts and practices were committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

61. As a result of these violations of NYGBL §349, Plaintiff suffered pecuniary and non-pecuniary harm.

62. Upon information and belief, the Dealer's violations were willful and knowing and committed in bad faith.

63. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h), and declaratory judgment that Defendants' practices are deceptive as defined under § 349.

## FOURTH CAUSE OF ACTION
## FALSE ADVERTISING
(N.Y. Gen. Bus. Law § 350)

64. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

65. Pursuant to General Business Law §350-a(1), the term "false advertising" means advertising if such advertising is misleading in a material respect.

66. The Dealer engaged in unlawful "false advertising" prohibited under General Business Law §350-a(1) by making representations, either by statement, word, design, device, sound or any combination thereof, to Plaintiff and the public -- online and on the dealership lot, that were materially misleading including, but not limited to, that the sale price of the Vehicle was thousands of dollars less than the price it eventually charged.

67. This false advertising was committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

68. The Dealer's false advertising was done knowingly and willfully and committed in bad faith.

69. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised sale price for the Vehicle would not be honored and or would require the purchase of additional products such as the Add-Ons.

70. The Dealer's advertising was misleading in a material respect by failing to reveal that the advertised price required purchase of the Addons.

71. As a result of The Dealer's false advertising, Plaintiff has been injured and seeks actual damages, three times the actual damages up to $10,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 350 as well as declaratory judgment that Defendants' practices are false advertising pursuant to General Business Law §350-a.

## FIFTH CAUSE OF ACTION
## COMMON LAW FRAUD

72. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

73. The Dealer asserted false representations of material facts as set forth above, including but not limited to, that the agreed sale price of the Vehicle was $54,000.00.

74. Upon information and belief, the Dealer knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to it. This is because the Dealer knew that it had inflated the cost of the Vehicle.

75. The Dealer made these false representations for the purpose of defrauding Plaintiff and to entice him to buy the Vehicle at a cost many thousands of dollars more than he had agreed.

76. Had the Dealer told Plaintiff the truth, Plaintiff would not have purchased the Vehicle from the Dealer on the terms stated in the RISC.

77. Plaintiff justifiably relied upon the Dealer's misrepresentations in agreeing to sign the RISC.

78. Plaintiff suffered damages as a direct result of the reliance upon the misrepresentations.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

**(a)** **On the First Cause of Action:**

Judgment in favor of Plaintiff and against Defendant for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiff's obligation under the RISC void;

**(b)** **On the Second Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff's costs and attorneys' fees.

**(c)** **On the Third Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, and (c) costs and reasonable attorneys' fees;

**(d)** **On the Fourth Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for violating NYGBL §350 awarding (a) actual damages, (b) three times the actual damages up to $10,000.00, and (c) costs and reasonable attorneys' fees;

**(e)** **On the Fifth Cause of Action:**

Judgment in favor of Plaintiff and against Defendants for their fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

**(f)** **Any additional and further relief as may be deemed just and appropriate.**

Dated: Nyack, New York
       May 4, 2023

                                      **THE LAW OFFICES OF**
                                      **ROBERT J. NAHOUM, P.C.**
                                      *Attorneys for Plaintiff*

By:_____
                                      **ROBERT J. NAHOUM**
                                      48 Burd Street, Suite 300
                                      Nyack, NY 10960
                                      Telephone No.: (845) 450-2906
                                      Facsimile No.: (888) 450-8640
                                      Email: [RJN@NahoumLaw.com](mailto:RJN@NahoumLaw.com)